FILED
COURT OF APPEALS
DIVISION II

2015 FEB 10 AM 8:59

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JESSICA MAE MATHESON, | No. 45485-8-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF REVENUE, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Jessica Mae Matheson, a Native American residing on the Colville Indian Reservation in Idaho, appeals the superior court's order affirming the Department of Revenue's (Department) final decision revoking her Washington State certificate of registration to operate as a cigarette and tobacco wholesaler. The Department previously ruled that Matheson failed to report the purchase and account for the disposition of 703,400 packs of unstamped cigarettes that she purchased from Spokane wholesalers between 2006 and 2007, as required under her certificate of registration. As a result, the Department imposed taxes and penalties on her in excess of $9 million. When Matheson did not pay a subsequent tax warrant, the Department revoked Matheson's certificate of registration as authorized in RCW 82.32.215. Matheson administratively appealed the revocation, and both the Department and the superior court affirmed.

Matheson argues that: (1) because she was not a "taxpayer," RCW 82.32.215 does not apply to her, (2) the Department failed to properly serve her with the revocation notice, (3) the

Department lacked jurisdiction because she was an Idaho resident who had no minimum contacts with Washington, (4) Indian Tribal Court has exclusive jurisdiction over licensing matters involving her, (5) RCW 82.32.215 is unconstitutional when applied to her because she is not a resident of Washington, and (6) the Administrative Law Judge (ALJ) hearing the matter was biased. We reject these arguments, and affirm the Department's and the superior court's rulings upholding the Department's revocation of Matheson's certificate of registration.

## FACTS

*Certificate of Registration*

In 2006, Matheson applied for and obtained a registration certificate from the state of Washington to conduct business as a cigarette and tobacco wholesaler under the name "Jess's Wholesale." Clerk's Papers (CP) at 36. This certificate, along with her license to operate as a cigarette wholesaler, allowed her to purchase unstamped and untaxed cigarettes.[1]

*Unreported Purchase of Cigarettes*

Matheson, operating as Jess's Wholesale, used her cigarette wholesaler license to purchase 703,400 packs of unstamped and untaxed cigarettes from two Washington distributors between July 1, 2006 and June 30, 2007. Neither distributor was located on a reservation or in "Indian

---

[1] To conduct business in Washington, a corporation or sole proprietor must register and obtain a registration certificate authorizing the business activity from the Department of Revenue. Former RCW 82.32.030 (1996) ("[I]f any person engages in any business or performs any act upon which a tax is imposed . . . he or she shall, under such rules as the department of revenue shall prescribe, apply for and obtain from the department a registration certificate."). In Washington, persons desiring to do business in the state must complete a "Master Application" that includes the registration and all necessary licenses needed to conduct business in the state. Former RCW 19.02.070, .020 (1990).

Country."[2]  CP at 138.  Under the terms of her wholesaler license and former WAC 458-20-186(702) (2004),[3] Matheson was required to report these purchases to the Department using a Schedule C tax form.  She also was required to account for the disposition of the cigarettes and provide supporting documentation, including whether the cigarettes were sold to an entity that was exempt from the cigarette tax, such as the federal government, an out-of-state purchaser, or another wholesaler.  Former WAC 458-20-186 (702).

*Tax and Penalty Assessment*

By January 2008, Matheson had not provided Schedule C reports documenting the disposition of the unstamped cigarettes.  The Department assessed her $1,424,385 in taxes and a $10-per-pack penalty totaling $7,034,000 under RCW 82.24.120, plus additional penalties and interest.  She appealed to the Department's internal appeals division, and the appeals division offered her another opportunity to provide the Schedule C reports.  She failed to do so and the appeals division upheld the assessment.

Matheson appealed to the Board of Tax Appeals (Board).  The Board upheld the Department's decision, ruling that Jess's Wholesale failed to comply with the Schedule C reporting requirement, thereby subjecting Matheson to the cigarette tax and penalties under chapter 82.24 RCW.

---

[2] "Indian country" includes all lands within an Indian reservation, all dependent Indian communities, and all Indian allotments.  18 U.S.C. § 1151.

[3] WAC 458-20-186(702), which details the Department's reporting requirements for cigarette wholesalers, has remained effectively the same since 2006, when Matheson first purchased the unstamped cigarettes.

45485-8-II

Matheson petitioned for review in superior court and sought an injunction against the Department. The superior court dismissed Matheson's petition. Matheson appealed to this court. The Department filed a motion on the merits and on September 17, 2012, this court granted the motion, affirming the superior court.[4] We expressly rejected as meritless Matheson's arguments that the tax and penalty assessment was unconstitutional.

*Revocation of Certificate of Registration*

Because Matheson did not pay the tax and penalty assessment, on September 29, 2009, the Department issued a tax warrant for unpaid taxes and penalties totaling $9,142,016.14. On January 11, 2010, the Department filed the tax warrant with Thurston County Superior Court pursuant to RCW 82.32.210-.212.

When Matheson still did not pay the tax assessment, on February 21, 2012, the Department mailed a notice of revocation hearing to Matheson and her attorney. The Department mailed the notice to Matheson at an address in Milton, which she provided as the business address of Jess's Wholesale.

The Department conducted an adjudicative hearing on March 21, 2012, with a regional compliance manager as the presiding officer. Matheson did not appear at the hearing, but her

---

[4] Matheson also filed a complaint in the U.S. District Court for the Western District of Washington, against the State of Washington and its employees, asserting six claims for relief against the tax assessment, including an injunction against collection. *Matheson v. Smith*, Cause No. 3:11-CV-05496-RBL (W.D.Wash. 2012). On May 17, 2012, the federal district court dismissed Matheson's claims and denied her motion for preliminary injunction. She appealed to the U.S. Court of Appeals for the Ninth Circuit and in an unpublished decision filed on December 26, 2013, Cause No. 12-35479, the Ninth Circuit affirmed the federal district court and dismissed Matheson's claims. *Matheson v. Smith*, 551 F. App'x. 292 (9th Cir. Dec. 26, 2013).

4

attorney did. At the revocation hearing, Matheson's attorney argued that the underlying assessments were invalid and that Matheson, as a Native American, was not required to pay Washington state taxes or obtain a certificate of registration in order to buy and sell cigarettes. He also objected to the service of the hearing notice. On March 26, 2012, the Department issued an initial order revoking Matheson's certificate of registration, precluding her from doing business in the state of Washington or its 29 Indian reservations.

Matheson appealed to the Department's appeals division. An ALJ reviewed the transcript and all of the evidence submitted, including additional information requested of the parties, and affirmed the revocation. Matheson then petitioned for judicial review of the Department's decision to the superior court, which affirmed the Department's order revoking her registration certificate.

Matheson appeals.

## ANALYSIS

A. STANDARD OF REVIEW

Under Washington's Administrative Procedures Act (APA), chapter 34.05 RCW, the party asserting agency error has the burden of demonstrating the invalidity of the agency's action. RCW 34.05.570(1)(a). We sit in the same position as the superior court and apply the APA standards directly to the record before the agency. *Dep't of Revenue v. Bi-Mor, Inc.*, 171 Wn. App. 197, 201-02, 286 P.3d 417 (2012).

RCW 34.05.570(3) sets out nine grounds for invalidating an administrative order. Four grounds potentially are applicable here: (a) the order or the statute on which it is based violates the constitution, (b) the order is outside the agency's jurisdiction, (c) the agency has failed to follow the proscribed procedure, and (d) the agency erroneously interpreted or applied the law. RCW

34.05.570(3). We review these grounds de novo. *Life Care Ctrs. of Am., Inc. v. Dep't of Soc. & Health Servs.*, 162 Wn. App. 370, 374, 254 P.3d 919 (2011).

B.    APPLICABILITY OF RCW 82.32.215

Matheson argues that RCW 82.32.215, which provides for revocation of certificates of registration, is inapplicable to her because she is not a "taxpayer." We disagree, and hold that the Department had statutory authority to revoke Matheson's certificate of registration.

RCW 82.32.215(1) provides that the department may revoke a "taxpayer['s]" certificate of registration if a tax warrant is not paid within 30 days after it has been filed with the superior court. Former RCW 82.32.215 (1998).[5] RCW 82.02.010 defines "taxpayer" to include "any individual, group of individuals, corporation, or association liable for any tax or the collection of any tax hereunder, or who engages in any business or performs any act for which a tax is imposed by this title." Former RCW 82.02.010(3) (1967). Because Matheson was and is liable for taxes collected by the Department, there is no question that she falls within the definition of "taxpayer" as used in RCW 82.32.215.

Further, it is undisputed that after finding that Matheson owed the tax and penalties, the Department filed a tax warrant with Thurston County Superior Court on January 11, 2010. *See* RCW 82.32.210-.212. It also is undisputed that Matheson never paid the warrant. The Department clearly has satisfied the requirements for revocation under former RCW 82.32.215. Accordingly, we hold that the Department had authority to revoke Matheson's certificate of registration.

---

[5] Because RCW 82.32.215 was amended in 2013, and the State filed its tax warrant in 2010, we apply the statute in effect at the time of Matheson's situation. But the current version of RCW 82.32.215 does not change our analysis.

C.    COLLATERAL CHALLENGES TO REVOCATION ORDER

Matheson makes several collateral challenges to the revocation order. She argues (1) the Department failed to properly serve her with the revocation notice, (2) the Department lacked jurisdiction because she was an Idaho resident who had no minimum contacts with Washington, (3) Indian Tribal Court has exclusive jurisdiction over licensing matters involving her, (4) RCW 82.32.215 is unconstitutional when applied to her because she is not a resident of Washington, and (5) the ALJ hearing the matter was biased. We reject all these arguments.

1.    Service of Notice

Matheson argues that the Department lacked jurisdiction because it failed to properly serve her with the notice of revocation hearing. She argues that the notice should have been mailed to her residence in Idaho and not to her business address in Milton. We disagree.

RCW 82.24.550(3) provides that "[a] license shall not be suspended or revoked except upon notice to the licensee and after a hearing as prescribed by the board." The Department's rules provide for notice by mail,[6] as does the APA. RCW 34.05.010(19). Under RCW 82.32.130, if notice is mailed it must be "addressed to the address of the taxpayer as shown by the records of the department."

Here, the Department served the hearing notice to Matheson by first-class mail to the Milton address that she listed in her registration and license application, which also matched the address on her performance bond in connection with her cigarette wholesaler's license. Matheson notes that she filed an affidavit in superior court regarding her appeal of the tax assessment to the

---

[6] Former WAC 458-20-10001(3)(a), 5 (2011).

Board stating that her residence address was in Idaho. However, in that same affidavit she stated that her location for license contact on the Puyallup Indian Reservation was the Milton address.

We hold that the Department properly served Matheson with the hearing notice by mailing it to her business address as shown in the Department's records.

2. Personal Jurisdiction

Matheson argues that the Department lacked jurisdiction to revoke her certificate of registration. She argues that her application for a license in 2006 does not satisfy due process minimum contacts for long arm jurisdiction of an Idaho resident, and that because she is a Native American living on an Indian reservation, she is not subject to state licensing laws. The State responds that, when Matheson voluntarily applied for and obtained a wholesaler's license, she subjected herself to Washington jurisdiction. We agree with the State, and hold that the Department had personal jurisdiction over Matheson.

RCW 4.28.185(1)(a), Washington's long arm jurisdiction statute, extends personal jurisdiction over a person who has done some act or consummated some transaction in Washington that gave rise to the cause of the action. Here, Matheson availed herself of the benefits and protections of Washington's laws by applying for and obtaining a cigarette wholesaler license. This license allowed Matheson to purchase and transport unstamped, untaxed cigarettes throughout the State. RCW 82.24.040. But for the license, she would not have access to unstamped and untaxed cigarettes. And as a condition of this license, she was required to comply with Washington's cigarette laws and Department rules. *See* RCW 82.24.500, .540.

These facts show that Matheson submitted herself to the jurisdiction of the Department and the Liquor Control Board. Accordingly, Matheson has not sustained her burden of showing error.

8

3. Tribal Court Jurisdiction

Matheson argues that because she is a Native American, the case should have been transferred to tribal court pursuant to CR 82.5(a). We disagree.

CR 82.5(a) provides that an action filed in superior court must be dismissed or transferred to tribal court when federal law grants or reserves exclusive jurisdiction to a tribal court. But Matheson has cited no authority for the proposition that federal law grants exclusive jurisdiction to tribal courts of license revocation hearings involving Native Americans. And here Matheson voluntarily subjected herself to Washington jurisdiction by voluntarily applying for and obtaining a license.

We reject Matheson's argument that this case should have been transferred to tribal court.

4. Constitutionality of RCW 82.32.215

Matheson argues that because the Department revoked the license of a non-resident of Washington, RCW 82.32.215 is unconstitutional as applied in violation of substantive due process. She states that she "has the protection of freedom from state licensing under the supremacy clauses; the interstate commerce and Indian commerce and privileges and immunities clause to be free to do business anywhere in the United States." Br. of Appellant at 39. She also argues that under federal law, the State may not forbid her from continuing to do business if she does not pay her tax assessments. We disagree.

A due process challenge to the state's taxation concerns whether the state is taxing beyond its jurisdictional reach. *Chicago Bridge & Iron Co. v. Dep't of Revenue*, 98 Wn.2d 814, 820, 659 P.2d 463 (1983). Ordinarily we apply a two pronged test to state taxation of interstate business: "(1) There must be a minimal connection or nexus between the interstate taxing activities and the

9

taxing state; and (2) the income attributed to the state for tax purposes must be rationally related to values connected with the taxing State." *Chicago Bridge*, 98 Wn.2d at 820 (internal quotations omitted). "Nexus is established if the corporation 'avails itself of the substantial privilege of carrying on business within the State." *Chicago Bridge*, 98 Wn.2d at 820 (quoting *Mobil Oil Corp. v. Comm'r of Taxes*, 445 U.S. 425, 437, 100 S. Ct. 1223, 63 L. Ed. 2d 510 (1980)).

But Matheson fails to raise any argument under this test, so we need not address it. RAP 10.3(a)(6). Instead, Matheson challenges the fundamental premise that, as an Idaho resident and a Native American, she can be subject to Washington state taxation.

Native Americans who conduct business off-reservation are subject to generally applicable state law. *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148-49, 93 S. Ct. 1267, 36 L. Ed. 2d 114 (1973); *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 173-74 (2nd Cir. 2005) (Congress's power to regulate commerce with Indian tribes does not preclude Native Americans from state taxation and regulation when transacting business outside of Indian country). Beyond reservation boundaries, Native Americans "have generally been held subject to non-discriminatory state law otherwise applicable to all citizens of the State." *Mescalero*, 411 U.S. at 148-49. Matheson does not argue that RCW 82.32.215 is discriminatory. And we hold that the taxation statute is generally applicable to all Washington cigarette wholesalers – it does not extend solely to foreign residents who purchase cigarettes wholesale in Washington.

We reject Matheson's arguments that RCW 82.32.215 is unconstitutional and that federal law exempts her from state licensing and taxation.

10

5.   Alleged Bias of ALJ

Matheson argues that the ALJ, as a Department employee, acted as a representative of the Department and had a direct interest in the matter. Therefore, she contends that the ALJ was biased in violation the Fourteenth Amendment to the U.S. Constitution. We disagree.

Prejudgment bias, partiality, or personal interest may disqualify an administrative adjudicator on due process grounds. *Nationscapital Mortg. Corp. v. Dep't of Fin. Insts.*, 133 Wn. App. 723, 765-66, 137 P.3d 78 (2006). However, we assume that an adjudicator is impartial, and the party claiming bias must make an affirmative showing that it exists. *Id.* at 766. The combination of investigative, prosecutorial, and adjudicative functions within an agency does not violate due process. *Id.*

Here, Matheson has not made a showing that the ALJ was biased. She provides no authority suggesting that the fact that the Department employed the ALJ, without more, means that the ALJ is biased. *Hardee v. Dep't of Soc. & Health Servs.*, 152 Wn. App. 48, 57, 215 P.3d 214 (2009) (rejecting a similar argument). And our Supreme Court has held that there is "no inherent unfairness in the mere combination of investigative and adjudicative functions." *Med. Disciplinary Bd. v. Johnston*, 99 Wn.2d 466, 479, 663 P.2d 457 (1983); *see also Hardee*, 152 Wn. App. at 58.

We hold that there is no evidence that the ALJ was biased, and therefore that Matheson's due process argument fails.

D.   CHALLENGE TO UNDERLYING TAX ASSESSMENT

Matheson repeatedly argues that the Department's underlying tax assessment was unlawful, raising a number of constitutional arguments. In fact, at times it is difficult to tell whether her arguments relate to the revocation of her certificate of registration or the legality of

45485-8-II

the assessment. We decline to address the arguments regarding the validity of the assessment because that was not at issue in the revocation hearing. In addition, this court upheld the assessment in her previous appeal of that assessment, and expressly rejected Matheson's constitutional and jurisdictional arguments as meritless. Therefore, res judicata prevents Matheson from challenging the assessment. *Nw. Wholesale, Inc. v. PAC Organic Fruit, LLC*, 183 Wn. App. 459, 492, 334 P.3d 63 (2014).

We affirm the Department's and the superior court's rulings upholding the Department's revocation of Matheson's certificate of registration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

12